**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROMARIS WALTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-984-MAB** |
| | ) | |
| | ) | |
| **DEANNA BROOKHART, LORIE CUNNINGHAM, LUKING, BAKER, LACKEY, WEXFORD HEALTH SERVICES, and DR. SHAH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Romaris Walton, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. In the Complaint, Walton alleges Defendants were deliberately indifferent in treating his back pain in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**Discussion**

Simply put, Walton's Complaint fails to state a claim. His Complaint merely refers to his attached grievances and exhibits, noting that the circumstances set forth in his emergency grievance form the factual basis of his claim (Doc. 1, p. 8). He fails, however, to indicate in his statement of claim the factual allegations surrounding his claim. It appears that Walton suffered from some sort of pain in his back for some time, a condition which he alleges was not diagnosed until shortly before he filed his Complaint (*Id*. at p. 9). He alleges that he sought medical care from officials and nursing staff to no avail (*Id*. at p. 8). He alleges that a "procedure" should have been done to identify the cause of his pain, but he did not receive an MRI until recently which amounted to five years of pain and emotional suffering from not knowing the cause of his pain (*Id*.). He also requested a bottom bunk permit but was denied those requests (*Id*.).

Although Walton lists a number of individuals that he wrote to or was physically examined by, including Lucking, Dr. Shah, Nurse Baker, Lackey, and Lorie Cunningham, he fails to include any factual allegations which suggest that they acted with deliberate indifference. He fails to include when he sought care from these individuals and what care, if any, they provided. He simply refers to his attached grievances and medical records which number over 170 pages. This is insufficient because a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief", Fed. R. Civ. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555). In order to state a claim, a plaintiff must include "the who, what, when, where, and how . . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Walton fails to provide any pertinent information about his claims. Further, he alleges that Defendants violated his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights, but he fails to allege any facts setting forth a claim under any of these except for the Eighth Amendment. He refers to his First Amendment right to file grievances but fails to offer any facts to allege that any defendant retaliated against him for filing grievances (*Id*. at p. 10). Thus, the Court finds that Walton fails to state a claim and his Complaint is **DISMISSED without prejudice**.

The Court **GRANTS** Walton leave to file a First Amended Complaint. Walton is reminded that his First Amended Complaint should include "the who, what, when, where, and how…" of his claims. *DiLeo*, 901 F.2d at 627. The First Amended Complaint should identify who violated his constitutional rights by name, if known, and should include a description of how his rights were violated. Although he may identify John Does, he should identify them as individuals (John Doe #1, John Doe #2, etc.) and provide information as to what actions each one specifically took which violated his constitutional rights.


## Disposition

**IT IS HEREBY ORDERED** that Walton's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Walton is **GRANTED** leave to file a "First Amended Complaint" on or before **June 13, 2023**. Should Walton fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Walton's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Walton must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Walton is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Walton elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Walton is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/16/2023**

**/s/ Mark A. Beatty**
**MARK A. BEATTY**
**U.S. Magistrate Judge**