IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROMARIS WALTON,** | |
| **Plaintiff,** | |
| v. | Case No. 23-cv-984-MAB |
| **DEANNA BROOKHART, SHERWIN MILES, DR. SHAH, NURSE BAKER, LORIE CUNNINGHAM, DR. WILLIAMS, OJELADE, DR. ZAHTZ, and ROB JEFFREYS,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Romaris Walton, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence and Sheridan Correctional Centers. Walton's original Complaint (Doc. 1) was dismissed for failure to state a claim (Doc. 7). Walton has now filed a First Amended Complaint in which he alleges the defendants were deliberately indifferent in treating his back pain, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the

1

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In his First Amended Complaint, Walton makes the following allegations: On September 20, 2017, Walton was involved in an altercation while housed at Lawrence Correction Center (Doc. 8, p. 5). While handcuffed, he fell backward onto the concrete floor, injuring his lower back and buttocks (*Id.*). He received x-rays and pain medication for his injuries but continued to have pain and mobility limitations for several years after the injury (*Id.*). He never received an MRI for his injuries (*Id.* at p. 6). Since his injury, Walton has experienced chronic pain in the lower region of his back, which causes sharp pain to travel up and down his lower calf, and underneath his foot to his toes (*Id.* at p. 9). He experiences pain when he walks, runs, gets up or sits down, bends over, or when climbing into a top bunk (*Id.* at p. 8). Although denied a top bunk permit on a number of occasions, he received a one-year bottom bunk permit from 2019 to 2020 (*Id.* at p. 5). He eventually received an MRI on March 20, 2023 which determined that his back pain was caused by a spinal injury from his original fall (*Id.* at p. 7). Specifically, Walton alleges

---

Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and this Court.

that the MRI revealed nerve damage and a possible pinched nurse stemming from his original injury (*Id*. at p. 8).

Prior to receiving an MRI, Walton wrote at least seven grievances regarding his medical treatment from September 20, 2017 to March 20, 2023. Warden Brookhart, Warden Miles, Rob Jeffreys, and Latoya Hughes all denied his grievances (*Id*. at p. 6). They refused to properly investigate the grievances, instead denying his requests. Walton identifies other individuals who were part of the grievance process, but he has not identified those individuals as defendants in the caption of his case (*Id*.).

While at Lawrence, Walton saw Dr. Shah on multiple occasions on call-passes between September 2020 and February 2021 (*Id*. at pp. 6-7). Walton alleges that Dr. Shah disregarded his complaints of pain and continued to provide Walton with ineffective pain medication (*Id*.). Dr. Shah also informed Walton that he did not meet the criteria for any other treatment and labeled Walton's weight as the source of his back problems (*Id*. at p. 7). Walton further alleges that he wrote letters to Lorie Cunningham and multiple request slips to be approved for an MRI, which Walton believed would reveal the source of his pain (*Id*.). From August 2020 through May 2021, Cunningham disregarded his requests and denied his request for a bottom bunk permit (*Id*.). Walton also alleges that he was scheduled to be examined by Nurse Baker on a number of occasions from March 2021 through May 2021 for the purpose of seeking a low bunk permit. But Baker "discontinue[d]" the appointments and eventually told him he was not qualified for a bottom bunk permit (*Id*.).

Walton also saw Dr. Williams for his back pain sometime between September 2021 and December 2021 (*Id.* at pp. 7-8). Dr. Williams failed to properly diagnose Walton, instead relying on "guesswork" (*Id.* at p. 7). Dr. Williams denied Walton a low bunk permit and instead prescribed exercises which caused Walton extreme pain (*Id.*). Walton later learned that the exercises actually exacerbated his original injury (*Id.*).

Walton later transferred to Sheridan Correctional Center where he was treated by Dr. Zahtz and Physician Assistant ("PA") Ojelade. From October 6, 2021 to February 2, 2023, Dr. Zahtz and PA Ojelade denied Walton a bottom bunk permit (*Id.* at p. 5). They eventually approved a permit after a sixteen-month delay (*Id.*). Walton specifically saw PA Ojelade on May 1, 2022, June 5, 2022, and June 17, 2022 (*Id.* at p. 8). PA Ojelade merely told Walton he needed to "be a man and accept the pain of life" (*Id.*). He refused to believe there was anything wrong with Walton's back and instructed him to simply lose weight. From November 2021 through June 2023, Walton also saw Dr. Zahtz at Sheridan for his back pain (*Id.*). Dr. Zahtz also ignored Walton's complaints of pain and failed to provide him with proper treatment (*Id.*).

Walton alleges that after his MRI and proper diagnosis, he received confirmation that the previous care he was provided by the defendants, including pain medications, muscle rubs, muscle relaxers, and other care would never relieve his pain because he suffers from nerve damage (*Id.* at p. 8). He alleges that the defendants ignored his complaints of pain and provided him with cheaper remedies rather than the more expensive MRI procedure, which eventually revealed the cause of his pain (*Id.* at p. 9).

## Preliminary Dismissals

To the extent that Walton seeks to bring claims against grievance officials who denied his grievances and failed to remedy his issues, the Court finds that Walton fails to state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Walton merely alleges that grievance officials failed to remedy his complaints. He alleges that Brookhart, Miles, Jeffreys, and Hughes all signed off on his grievances, denying his request for further examination into the cause of his lower back pain (*Id*. at pp. 5-6). These allegations fail to state a claim.

## Discussion

In considering the factual allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Shah, Nurse Baker, Lorie Cunningham, and Dr. Williams for delaying and/or denying care for Walton's back injury while at Lawrence Correctional Center to include delaying/denying an MRI and bottom bunk permit.

**Count 2:** Eighth Amendment deliberate indifference claim against Dr. Zahtz and PA Ojelade for delaying and/or denying care for Walton's back injury while at Sheridan Correctional Center, to include delaying/denying an MRI and bottom bunk permit.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, the Court finds that Walton adequately states deliberate indifference claims in Counts 1 and 2. Walton alleges that he suffered from continued back pain and sought a diagnosis but that each of the defendants ignored his complaints and refused to provide him with an MRI or a low bunk permit. They instead chose to continue with pain medications and other care that did not identify or cure his condition. This alleged delay in providing diagnostic care and continuing with an ineffective course of treatment states a claim. See *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in care can amount to deliberate indifference); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (continuing with ineffective treatment can amount to deliberate indifference). Thus, Count 1 shall proceed against Dr. Shah, Nurse Baker, Lorie Cunningham, and Dr. Williams and Count 2 shall proceed against Dr. Zahtz and Ojelade.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Shah, Nurse Baker, Lorie Cunningham, and Dr. Williams. Count 2 shall proceed against Dr. Zahtz and Ojelade. All other claims, including potential claims against Deanna Brookhart, Sherwin Miles, Rob Jeffreys, and Latoya Hughes are **DISMISSED without prejudice**.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes all official capacity claims against the defendants and any claims under the First, Fifth, or Fourteenth Amendment (Doc. 8, p. 2). Walton fails to indicate how his allegations implicate these Amendments.

The Clerk of Court shall prepare for Defendants Dr. Shah, Nurse Baker, Lorie Cunningham, Dr. Williams, Dr. Zahtz, and PA Ojelade: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Walton. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Walton, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, the defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Walton, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Walton is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/30/2023**

*/s/ Mark A. Beatty*
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**