IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMARIS WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-984-MAB |
| | ) |
| DR. VIPIN SHAH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court are three related motions to dismiss filed by Defendants Dr. Vipin Shah, Lorie Cunningham, and Nurse Noreen Baker (Docs. 24, 41, 47; *see also* Docs. 25, 42, 48). For the reasons set forth below, the motions to dismiss are DENIED.

### BACKGROUND

Plaintiff Romaris Walton, an inmate of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, brought this action on March 27, 2023, pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while incarcerated at Lawrence Correctional Center and Sheridan Correctional Center (*see* Doc. 1). On May 16, 2023, Plaintiff's original Complaint was dismissed without prejudice during the Court's preliminary review conducted pursuant to 28 U.S.C. § 1915A for the Complaint's failure to state a claim (*see* Doc. 7). Thereafter, Plaintiff filed an Amended Complaint on June 8, 2023 (Doc. 8). The Amended Complaint subsequently passed the Court's preliminary review and was permitted to proceed on the following claims:

> Count 1: Eighth Amendment deliberate indifference claim against Dr. Shah, Nurse Baker, Lorie Cunningham, and Dr. Williams for delaying and/or denying care for Walton's back injury while at Lawrence Correctional Center to include delaying/denying an MRI and bottom bunk permit.
>
> Count 2: Eighth Amendment deliberate indifference claim against Dr. Zahtz and PA Ojelade for delaying and/or denying care for Walton's back injury while at Sheridan Correctional Center, to include delaying/denying an MRI and bottom bunk permit.

(Doc. 9 at pp. 5-7).

In response to Plaintiff's Amended Complaint, Defendants Cunningham, Baker, and Dr. Shah (collectively, "Movants") each filed a motion to dismiss and supporting memorandum (Docs. 24, 41, 47; *see also* Docs. 25, 42, 48). Around the same time, Plaintiff filed a motion for recruitment of counsel (Doc. 46). The Court denied Plaintiff's motion but also consolidated his deadlines to respond to Movants' motions to dismiss (Doc. 52). As a result, Plaintiff filed one response in opposition to all three motions to dismiss on May 20, 2024 (Doc. 53). Thereafter, Baker and Dr. Shah filed a reply in support of their motions (Doc. 54).[1]

### LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v.*

---

[1] In their reply, Baker and Dr. Shah contend that Plaintiff's response in opposition to their motions to dismiss was untimely filed (Doc. 54). Admittedly, the Court ordered Plaintiff to file a response brief on or before May 10, 2024, and Plaintiff's response was not electronically filed until May 20, 2024 (*see* Docs. 52, 53). However, the Court notes that Plaintiff's response in opposition, while not postmarked until May 14, 2024, includes a signed certificate of service certifying that Plaintiff's response was mailed on May 6, 2024 (Doc. 53 at pp. 3 & 5). In light of Plaintiff's *pro se* status, the delays associated with prisoner filings/mail, and Plaintiff's certificate of service, the Court will treat Plaintiff's response in opposition as timely filed.

*City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020). However, "legal conclusions and conclusory allegations . . . are not entitled to this presumption of truth." *Dix*, 978 F.3d at 513 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S, 555, 557 (2007)). "[W]hile a complaint does not need 'detailed factual allegations' to survive a 12(b)(6) motion to dismiss, it must allege sufficient facts 'to state a claim to relief that is plausible on its face.'" *Dix*, 978 F.3d at 512-13 (quoting *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014)).

Additionally, while "a plaintiff is not required to anticipate and refute defenses in his complaint," a plaintiff's complaint may be properly dismissed by the Court if "the allegations of the complaint show that relief is barred by the applicable statute of limitations." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802 (7th Cir. 2008) (internal quotation marks and citations omitted). In other words, "[o]nly when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

## DISCUSSION

Movants argue that Plaintiff's Amended Complaint must be dismissed as it relates to Plaintiff's claims against them because those claims are barred by the statute of

limitations. Specifically, based upon Plaintiff's allegations and the grievance records attached to his complaint, Movants argue that Plaintiff's claims related to the treatment of his back injury while at Lawrence began to accrue on February 23, 2021, and his complaints related to a bottom bunk permit at Lawrence began to accrue on May 19, 2021 (*see generally* Docs. 25, 42, 48). Accordingly, Movants contend that Plaintiff's claims against them are barred by the statute of limitations because his Amended Complaint was not filed until June 8, 2023 (*Id.*). In response, Plaintiff avers that: (1) the statute of limitations period was tolled while his case was pending in federal court; and (2) the claims in his Amended Complaint relate back to his original Complaint (Doc. 53).

The statute of limitations to bring claims under 42 U.S.C. § 1983 is determined by state law. *See Brown v. Dart*, 876 F.3d 939, 940 (7th Cir. 2017). Thus, "[u]nder Illinois law, a plaintiff has two years to bring a § 1983 claim." *Id.* (citing 735 ILCS 5/13-202). However, the date a claim begins to accrue is determined by federal law. *Id.* Under federal law, a section 1983 claim begins to accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) (internal quotation marks and citations omitted); *see also Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013) ("A § 1983 claim to redress a medical injury arising from deliberate indifference to a prisoner's serious medical needs accrues when the plaintiff knows of his physical injury and its cause."). In addition, "[f]or continuing Eighth Amendment violations, the two-year period starts to run (that is, the cause of action accrues) from the date of the last incidence of that violation, not the first." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).

The Court is also bound to apply state tolling rules. *See McNeal v. Bryant*, No. 18-CV-1468-MJR, 2018 WL 4362579, at *2 (S.D. Ill. Sept. 13, 2018). In Illinois, "the operation of 735 ILCS 5/13-216 has the effect of tolling the limitation period while a prisoner completes the administrative grievance process." *Id. See also Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) ("There can be no question that a federal court applying Illinois law must toll the statute of limitations if a 'statutory prohibition' exists that prevents a plaintiff's cause of action."). Thus, Plaintiff's claims were tolled while he was completing the administrative grievance process.

Here, Movants attempt to identify when Plaintiff exhausted his claims against them to demonstrate when his claims accrued and the statute of limitations began to run. Movants argue that based upon Plaintiff's filings, his claims involving his time at Lawrence related to his back injury were fully exhausted as of February 23, 2021, and his bottom bunk permit claims were fully exhausted as of May 19, 2021 (*see generally* Doc. 25 at pp. 5-6). Thus, according to Movants, those claims were barred by the statute of limitations because his Amended Complaint was not filed until June 8, 2023, more than two years after the statute of limitations began to run. In further support of their argument that Plaintiff's claims were time barred based upon when he filed his Amended Complaint, Movants emphasize that the Court's first Preliminary Review Order stated that an amended complaint "supersedes and replaces the original complaint, rendering the original complaint void." (*See* Doc. 7 at p. 4).

Significantly, however, Movants' arguments contain a fatal flaw. Namely, Movants rely on the erroneous assumption that the statute of limitations continued to

run until Plaintiff filed his Amended Complaint on June 8, 2023 (*Id.* at p. 2). While it is true that the Court's Preliminary Review Order dismissed Plaintiff's original Complaint (Doc. 7), Movants' interpretation of that Order and its directives conflicts with the Court's precedent. In fact, a recent case in this District rejected a similar argument. *See Courtney v. Butler*, No. 3:16-CV-1062-NJR, 2024 WL 416479 (S.D. Ill. Feb. 5, 2024). In *Courtney*, a defendant argued that the statute of limitations began to run when the plaintiff did not list him as a defendant in his first amended complaint. *Id.* at *6. Therefore, according to the defendant, when the plaintiff sought to rename him as a defendant in his third amended complaint filed more than two years after his first amended complaint, the two-year statute of limitations had already run. *Id.*

The Court rejected this argument, explaining that "[u]nder Federal Rule of Civil Procedure 15(c)(1)(B), if a timely complaint is dismissed but the action remains pending, an amended complaint relates back to the filing of the original complaint when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading….'" *Id.* (quoting FED. R. CIV. P. 15(c)(1)(B)). Crucially, the Court rejected the defendant's argument that "if a suit or party is dismissed, even without prejudice, it is like that case had never been filed for statute of limitations purposes[.]" *Id.* at *7. Instead, the Court held that "[t]he dismissal of a complaint without prejudice and with leave to refile an amended complaint means the case itself remains pending." *Id.* Consequently, the Court ruled that the defendant would not be dismissed on statute of limitation grounds. *Id.*

Here, as in *Courtney*, the statute of limitations did not continue to run: (1) while Plaintiff's original complaint was being preliminarily reviewed by the Court, and (2) during the period beginning when Plaintiff's original Complaint was dismissed without prejudice and ending when Plaintiff filed his Amended Complaint on June 8, 2023. *Id. See also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013) ("[Litigants proceeding *in forma pauperis*] are equally entitled to amend as a matter of right, and an amended complaint within the scope of Rule 15(a) relates back to an original, timely-filed complaint."). As explained by the Seventh Circuit, when an order dismisses the complaint but not the entire case, a plaintiff may subsequently file an amended complaint because no final judgment has been entered and the timely-filed case remains pending. *Id.* at 1025-26.

Moreover, the contention that a litigant should be precluded from filing an amended complaint solely because the statute of limitations ran while the Court was conducting a preliminary review would unfairly punish inmate litigants for a mandatory review process and the delays that necessarily accompany this process that are completely outside of a litigant's control and only occurs after a litigant has filed suit in federal court. *See Owens v. Allen*, No. 14-CV-00055-JPG, 2014 WL 562655, at *2 (S.D. Ill. Feb. 13, 2014) (Noting that "the limitations period may be tolled under Illinois law for equitable reasons—when filing has been delayed 'in some extraordinary way.'"); *Lucio v. Santos*, No. 11-CV-0979-MJR-SCW, 2014 WL 11381095, at *2, fn. 3 (S.D. Ill. Jan. 29, 2014) ("Equitable tolling under various theories may also be available to Plaintiff, particularly in light of the eight months that his case spent in threshold review."). Consequently, the

Court's analysis must focus on whether Plaintiff's claims were barred by the statute of limitations when they were originally filed on March 27, 2023.

And here, even if the Court were to assume that Plaintiff's claims related to a bottom bunk were fully exhausted and began to accrue on May 19, 2021, Movants' argument that these claims are time barred is facially meritless. Again, the Court looks to the date Plaintiff filed his original Complaint, which was March 27, 2023 (Doc. 1). *See Luevano*, 722 F.3d at 1026. Accordingly, Plaintiff filed his bottom bunk permit related claims within the applicable statute of limitations because Plaintiff commenced this action within two years of the date Movants allege Plaintiff completed the grievance process on. *Id.*

For similar reasons, the Court believes it improper to dismiss Plaintiff's claims related to the treatment of his back injury at Lawrence. Movants contend that Plaintiff fully exhausted his claims related to his back injury on or before February 23, 2021 (*see* Doc. 48 at pp. 5-6). However, drawing all reasonable inferences in Plaintiff's favor, Plaintiff's Amended Complaint alleges that Movants denied him adequate care for his back injury until at least May 2021 (*see* Doc. 8 at pp. 7-8) (alleging that Plaintiff grieved the actions of Baker and Cunningham in April or May of 2021).[2] In fact, Plaintiff was not

---

[2] While Plaintiff's claims and grievances related to Dr. Shah are less clear, viewing Plaintiff's Amended Complaint in a deferential light, it is certainly conceivable that Dr. Shah's allegedly inadequate treatment continued to harm Plaintiff until his transfer to Sheridan in October 2021 or, at the least, until March 27, 2021. *See Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517 (7th Cir. 2019) (explaining that a continuing violation occurs in certain circumstances, such as when there is an ongoing denial of care, but also pointing out that if a defendant leaves the institution altogether, the date of the defendant's departure marks the latest possible time in which the claim might have accrued). However, if discovery demonstrates that Plaintiff did not see Dr. Shah or have a grievance related to Dr. Shah's treatment of his back injury pending or filed after March 27, 2021, Dr. Shah may then pursue summary judgment on this point.

transferred from Lawrence to Sheridan Correctional Center until October 6, 2021, and he continued to complain of back pain upon his transfer (*See* Doc. 8 at p. 27). Therefore, Plaintiff's Amended Complaint and the documents submitted alongside it do not clearly establish that Plaintiff's claim is barred by the applicable two-year statute of limitations because they do not unequivocally demonstrate that Plaintiff stopped grieving his back injury on or before March 27, 2021.[3] Movants may conduct discovery related to Plaintiff's grievances at Lawrence and then move for summary judgment if the evidence supports their argument. However, at this early stage in the proceedings and given the lenient pleading standard for *pro se* plaintiffs, the Court finds that Plaintiff's Amended Complaint does not plead itself out of Court. *See Ruiz v. Williams*, 144 F. Supp. 3d 1007, 1016 (N.D. Ill. 2015) ("Although Hardy may prevail on his statute of limitations argument at a later stage in the case, the Court cannot conclude based on the minimal record properly before it at this stage of the case that Plaintiff's claims against Hardy are 'indisputably time-barred.'"). For all these reasons, Plaintiff's claims related to the

---

[3] In addition, drawing all inferences in Plaintiff's favor, his grievances that Movants claim only discuss a bottom bunk permit may have also been generally grieving the treatment he was receiving related to his back injury. In fact, it is noteworthy that Count 1 was permitted to proceed upon allegations related to "delaying and/or denying care for [Plaintiff's] back injury while at Lawrence Correctional Center to include delaying/denying an MRI and bottom bunk permit." (Doc. 9 at p. 5). Thus, at this early stage, it would be improper to conclude that Plaintiff's grievances related to a bottom bunk permit were not also generally grieving the treatment of his back injury while at Lawrence. Furthermore, it is possible that additional grievances related to the treatment of Plaintiff's back injury while at Lawrence may be revealed during discovery. *See Ruiz v. Williams*, 144 F. Supp. 3d 1007, 1016 (N.D. Ill. 2015); *Riley-El v. Godinez*, No. 13 C 8656, 2015 WL 4572322, at *6 (N.D. Ill. July 27, 2015) ("[T]he sprawling nature of Riley–El's complaint, which challenges medical care he received starting in 2005, means that some of his claims may be time-barred. However, the statute of limitations is an affirmative defense, and the court cannot determine its applicability based on the present record."). Based upon the very limited record before the Court, it is simply too early to determine when Plaintiff exhausted his claims as they relate to Dr. Shah (and Movants generally).

treatment of his back pain are not barred by the statute of limitations and therefore, Movants' motions to dismiss are denied (Docs. 24, 41, 47).

## CONCLUSION

For the reasons discussed above, Defendants Cunningham, Dr. Shah, and Baker's motions to dismiss (Docs. 24, 41, 47) are **DENIED.**

**IT IS SO ORDERED.**

**DATED: July 22, 2024**

                                                        s/ Mark A. Beatty
                                                        **MARK A. BEATTY**
                                                        **United States Magistrate Judge**